**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MATTHEW FLEEGER,**

    **Plaintiff,**

v.                                                                **Case No:  5:12-CV-294-Oc-32PRL**

**WACHOVIA BANK**

    **Defendant.**

## ORDER

On October 30, 2012, the Court held a hearing on Plaintiff's Motion to Compel. (Doc. 15.)  At the hearing, the parties discussed stipulations and clarified the scope of the requested discovery.

Notably, the scope of allowable discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Roesberg v. Johns-Manville*

*Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980); *see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984).

Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

Based on discussions at the hearing and for the reasons set forth on the record, which are incorporated by reference, Plaintiff's Motion (Doc. 15) is **GRANTED** as follows:

(1) In response to Plaintiff's Interrogatory 5, Defendant shall produce to Plaintiff the appraisals for the 21 mortgages, which Plaintiff will identify.

(2) With respect to Mr. Jeffrey Phillips and the entities that he is associated with, Defendant shall respond to Plaintiff's Interrogatories 2, 3, 9, and 11-13, and shall produce responsive documents to Plaintiff's Requests to Produce 28, 29, 42, and 43, for the three years prior to July 2007 through January 1, 2009, and may do so per a protective order.[1]

(3) With respect to Request to Produce 30, Defendant shall produce policies and procedures regarding its underwriting standards and/or due diligence standards for

---

[1] Plaintiff shall identify for Defendant Mr. Phillips and his entities more specifically, either by social security number, date of birth, and/or Tax ID number, or the like).

purchases of real property for one year prior to July 2007 and one year after, and may do so per a protective order.[2]

In addition, prior to production, Defendant may redact social security numbers, bank account numbers, and other personally identifying information.

Finally, Plaintiff's request for attorney's fees and costs pursuant to Fed. R. Civ. P. 37 is **DENIED** for the reasons set forth on the record at the hearing.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on October 30, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

All Counsel

---

[2] The Court notes that the parties reached an agreement as to the category of items referred to as "E-mail or Other Communications" in Plaintiff's Motion to Compel.