UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW FLEEGER,

    Plaintiff,

v.                                                            Case No:  5:12-CV-294-Oc-32PRL

WACHOVIA BANK

    Defendant.

## ORDER

This cause is before the Court on Plaintiff's Motion to Seal Appendix 1-4 Pursuant to Agreed Protective Order (Doc. 49). Plaintiff seeks to file under seal certain exhibits that pertain to its Response to Defendant's Motion for Summary Judgment (Doc. 47). Specifically, Plaintiff moves to file the following documents under seal, which Plaintiff represents, comprise a total of four pages:

> Appendix 1: Plaintiff's Deposition Exhibit 2 (Wachovia Bank account for Withlacooche Partners, LLC); Appendix 2: Plaintiff's Deposition Exhibit 3 (Wachovia Bank account for Commercial First LLC); Appendix 3: Plaintiff's Deposition Exhibit 4 (Wachovia Bank account for Developers Funding Corporation); Appendix 4: Plaintiff's Deposition Exhibit 5 (Wachovia Bank account for Lynn Jeffrey Phillips).

(Doc. 49, at 2). Plaintiff, however, has offered no reason why it is necessary for each of these documents to be filed under seal, other than citing to the Protective Order (Doc. 24) that these documents are "confidential" material, nor has Plaintiff advised why a means other than sealing is unavailable or unsatisfactory to preserve the Plaintiff's interests (e.g., redacting all but the last four digits of the financial-account number).[1]

---

[1] Notably, Rule 5.2, Fed. R. Civ. P., provides that "in an electronic or paper filing with the court . . . a party or nonparty making the filing may include only . . . (4) the last four digits of the financial-account number."

Moreover, the Eleventh Circuit has held that absent extraordinary circumstances, the Court file must remain open to the public. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985). Here, based upon a review of Plaintiff's Response (Doc. 47), it appears that the exhibits subject to Plaintiff's instant motion are provided to support Plaintiff's position that "Phillips had at least four bank accounts with Defendant." (*See* Doc. 47, p.2). However, based on the description of the documents, it is simply unclear to the Court why it would be necessary for these documents to be filed under seal, rather than, e.g. simply redacted in some fashion.

For the foregoing reasons, Plaintiff's Motion (Doc. 49) is **DENIED without prejudice**. Plaintiff is encouraged to file these documents, as is the normal course of business; however, Plaintiff may redact specific confidential information to the extent that Plaintiff can do so without undermining the purpose of the exhibits. Alternatively, Plaintiff may file a motion and state with specificity why redaction is inappropriate or inadequate.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on April 11, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Counsel of Record