UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MATTHEW FLEEGER,**

    **Plaintiff,**

v.                                                                       **Case No: 5:12-CV-294-Oc-32PRL**

**WACHOVIA BANK**

    **Defendant.**

## ORDER

This cause is before the Court on Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. 33) filed on January 30, 2013, and Plaintiff's Response in Opposition (Doc. 41). For the reasons discussed below, Defendant's Motion (Doc. 33) is due to be **GRANTED**.

## I. BACKGROUND

This action arises out of a loan that Plaintiff obtained from Defendant to finance the purchase of a ten acre lot in Sumter County, Florida (the "Property"), from Jeffrey Phillips of Withlacoochee Property, the developer. Plaintiff essentially alleges that he was induced to enter into the transaction based, at least in part, upon fraud or material misrepresentations and omissions by the developer and, more importantly for purposes of this action, Defendant. Accordingly, Plaintiff filed a Second Amended Complaint alleging state law claims for negligent misrepresentation (Count I), negligence (Count II), fraudulent misrepresentation (Count III), fraudulent inducement (Count IV), conspiracy to commit fraud (Count V), and breach of fiduciary duty (Count VII).[1]  (Doc. 2). It appears Plaintiff seeks to recover damages and other

---

[1] The Court dismissed Plaintiff's claim for equitable estoppel (Count VI) on December 14, 2012.  (*See* Doc. 29).

relief from Defendant in connection with the loan made to him for the purchase of the Property. Plaintiff demands a jury trial. (Doc. 2, ¶ 5).

In its motion, Defendant contends that Plaintiff's demand for a jury trial should be stricken because Plaintiff knowingly, voluntarily, and intelligently waived his right to trial by jury under the express terms of the mortgage. (Doc. 33, ¶ 4; Doc. 33, Exh. A, ¶ 25). In contrast, Plaintiff contends that his "claims are separate and distinct from" the mortgage, predate the mortgage, and do not arise out of the mortgage: thus, Plaintiff asserts that his claims here are not within the scope of the waiver. (Doc. 41). The Court finds that Plaintiff's claims fall within the broad scope of the waiver provision and finds that Plaintiff knowingly, voluntarily, and intelligently waived his right to a jury trial; accordingly, Defendant's motion to strike Plaintiff's jury demand is due to be **granted**.

## II. DISCUSSION

### A. *Plaintiff's Claims are Within the Scope of the Waiver Provision*

The Mortgage executed between Plaintiff and Defendant contains a provision titled "**Jury Trial Waiver.**" (Doc. 33, Exh. A, ¶ 25). This paragraph provides:

> **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any **action**, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, **arising out of** or **in any way related to** this Security Instrument or the Note.

(Doc. 33, Exh. A, ¶ 25) (emphasis added). Plaintiff contends that his claims are outside of the scope of this waiver because Defendant's actions (that form the basis of Plaintiff's claims) occurred prior to the execution of the mortgage. The Court finds Plaintiff's arguments unavailing. Indeed, the plain language of the provision demonstrates its broad application, as it applies to any action "arising out of or in any way related to" the mortgage (Doc. 33, Exh. A, ¶ 25). *See, e.g., Wisthle Investment Group, LLC v. CR Hancock Bridge, LLC*, 2008 WL 2686963,

at *1-2 (M.D. Fla. June 30, 2008) (finding that the plaintiff's claim of fraud was based on the defendant's alleged misrepresentations, which were certainly "actions" between the parties as provided in the waiver provision and thus, the plaintiff's claims "relate to" the agreement).

In this action, Plaintiff's claims are based on Defendant's alleged misrepresentations made to Plaintiff. The representations (and omissions) are certainly "actions" between the parties, as provided for in the waiver provision. Moreover, these representations (and omissions) gave rise to the formation of the mortgage, and, according to Plaintiff, induced him to enter into the transaction and the obligations thereunder. *See Wisthle Investment Group, LLC v. CR Hancock Bridge, LLC*, 2008 WL 2686963, at *1-2 (M.D. Fla. June 30, 2008) (enforcing a similar jury waiver provision with respect to the plaintiff's claims that the agreement was procured through fraudulent inducement); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 838 (10th Cir. 1988) (enforcing a similar jury waiver provision with respect to the plaintiff's claims that the contract was procured through fraudulent misrepresentation). Therefore, Plaintiff's claims are within the scope of the waiver provision.

### B. *Plaintiff Knowingly, Voluntarily, and Intelligently Waived his Right to a Jury Trial*

It is well settled that the right to a jury trial in federal courts is to be determined by federal law in diversity actions. *Simler v. Conner*, 372 U.S. 221, 222 (1963) (finding that "[o]nly through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved.").[2] The question of whether the right has been waived is likewise governed by federal law. *Martorella v. Deutsche Bank Nat. Trust Co.*, 2013 WL 1136444, at *1 (S.D. Fla. Mar. 18, 2013).

---

[2] Plaintiff alleges sufficient facts supporting his claim that diversity jurisdiction exists. (Doc. 2).

The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and "should be scrutinized with utmost care." *Haynes v. W.C. Caye & Co., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995). However, when a jury trial is validly waived, courts regularly mandate the enforcement of the waiver. *See e.g., Bakrac, Inc. v. Villager Franchise Sys., Inc.,* 164 F. App'x 820, 823-24 (11th Cir. 2006); *Martorella,* 2013 WL 1136444, at *1-4; *Anderson v. Apex Fin. Group, Inc.*, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008).

A party may waive his right to a jury trial, so long as the waiver is knowing and voluntary. *Bakrac, Inc*., 164 F. App'x at 823-24.  In determining whether a waiver was entered into knowingly and voluntarily, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable. *Id*.  No single factor is conclusive; rather, the Court asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn*, 347 F. Supp. 2d at 1252.  In addition, "[a]bsent a showing of fraud [specifically, in the inducement to waive a jury trial] or mental incompetence, a party who signs a contract cannot avoid his obligation under the contract simply by showing that he did not read what he signed." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010) (citing *Coleman v. Prudential Bache Securities, Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986)).

Here, the record demonstrates that the right to a jury trial was knowingly, intelligently, and voluntarily waived by Plaintiff.  The waiver provision was written in clear and unambiguous language and it was conspicuously set forth in the mortgage.  Indeed, it appeared on page fourteen of sixteen of the mortgage and it was the last paragraph before the signature lines. Further, Plaintiff initialed each page, including the page containing the waiver, and signed the signature page located on page fifteen.  The separate paragraph's heading, "**Jury Trial Waiver**,"

is in bold-type font and the entire waiver paragraph is in the same size font as the rest of the document. Thus, it cannot be considered to be hidden within the document. *See, e.g., Winiarski v. Brown & Brown, Inc.*, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008) (finding that the waiver provision was conspicuous where it was set forth in a separate paragraph with the title "Waiver of Jury Trial" underlined); *see also Milsap v. Cornerstone Residential Mgmt.*, 2007 WL 965590, at *1-2 (M.D. Fla. Mar. 28, 2007) (finding that the waiver provision was conspicuous where it was set forth in the same typeface as every other clause in the document). Accordingly, upon due consideration of the factors noted above, as well as the totality of the circumstances, Plaintiff knowingly, intelligently, and voluntarily waived his right to trial by jury.[3]

### III. CONCLUSION

Based on the foregoing, Defendant's Motion (Doc. 33) is **GRANTED**. The demand for a jury trial in Plaintiff's Second Amended Complaint (Doc. 2) is **STRICKEN**.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on April 24, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to: Counsel of Record

---

[3] Notably, even if Plaintiff were to suggest – which he does not appear to do here – that because the relationship between the parties was built on fraud that no agreement should be considered truly informed or voluntary, such an argument would be meritless. This Court has held that "[a]bsent an allegation of fraud in the inducement of the jury trial waiver itself, a general allegation of fraud will not invalidate an informed waiver." *Wisthle Investment Group, LLC*, 2008 WL 2686963, at *3. Here, Plaintiff does not allege in his Second Amended Complaint (or elsewhere) that he was fraudulently induced to waive his right to a jury trial. As a final note, "if this Court allows a blanket claim of fraud to invalidate a jury trial waiver provision, it would be too easy for a litigant to avoid its contractual obligations to waive a jury trial." *Wisthle Investment Group, LLC*, 2008 WL 2686963, at *3.